# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) Case No. 2:18CR00003-001 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ROY LEE DYKES,** | ) By: James P. Jones |
| | ) United States District Judge |
| | ) |
| Defendant. | ) |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Paul G. Beers, Glenn, Feldmann, Darby & Goodlatte, Roanoke, Virginia, for Defendant.*

Defendant Roy Lee Dykes has moved to dismiss Counts Two through Nineteen of the Superseding Indictment in this case. Dykes contends that because each count charges that he both possessed with the intent to distribute and distributed certain controlled substances, the counts are duplicitous. For the reasons that follow, I will deny the motion.

Duplicity is "the joining in a single count of two or more distinct and separate offenses." *United States v. Hawkes*, 753 F.2d 355, 357 (4th Cir. 1985) (internal quotation marks and citation omitted). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or

on both." *United States v. Kamalu*, 298 F. App'x 251, 254 (4th Cir. 2008) (unpublished) (internal quotation marks and citation omitted). However, "to join possession and distribution . . . in one count may not be duplicitous." *Hawkes*, 753 F.2d at 357 (quoting *United States v. Orzechowski*, 547 F.2d 978, 986 (7th Cir. 1976)). Where the same act proves separate charges, an indictment joining the charges in a single count is not duplicitous. *Id.* at 358. To illustrate, in *Hawkes*, the Fourth Circuit held that a one-count indictment charging the defendant with manufacturing a controlled substance and possessing with the intent to distribute a controlled substance was not duplicitous where a single act — the defendant's cultivation of marijuana — proved both charges. *Id.* In support, the court cited *United States v. Atkinson*, 512 F.2d 1235, 1240 (4th Cir. 1975), in which the Fourth Circuit held that where a single act — transferring heroin to a government agent — was proof of both the defendant's possession and distribution charges, separate sentences for each charge were inappropriate.

Here, Dykes argues that in light of *United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999), in which the Fourth Circuit concluded that possession with intent to distribute and distribution are necessarily two different offenses, Counts Two through Nineteen are duplicitous. However, the government relies on *Hawkes* and *Atkinson* and contends that in light of the evidence it intends to produce at trial, Counts Two through Nineteen are not duplicitous. In particular,

the government represents that it will present the same evidence to demonstrate that Dykes possessed with the intent to distribute and actually distributed the controlled substances charged in Counts Two through Nineteen.

Accepting the government's representation regarding the evidence it will present in support of the counts at issue, I decline to dismiss Counts Two through Nineteen for duplicity at this time. As in *Hawkes*, such evidence would render the Superseding Indictment not duplicitous.[1]

III.

Accordingly, it is hereby **ORDERED** that the Motion to Dismiss Counts Two Through Nineteen, ECF No. 468, is DENIED.

ENTER: July 12, 2019

/s/ *James P. Jones*
United States District Judge

---

[1] Should the evidence differ from the government's prediction, I may correct the problem by requiring the government to elect on which offense it wishes to proceed or by jury instructions and a special verdict form. *See United States v. Shumpert Hood*, 210 F.3d 660, 663 (6th Cir. 2000).