CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

JAN 27 2020

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

USA vs ROY LEE DYKES, DEFENDANT.    Case No: 2:18-CR-3

## DEFENDANT'S PRO SE MOTION FOR SENTENCE TO BE SET ASIDE AND REHEARD

Comes now Roy Lee Dykes, defendant, pro se, and files this his above-styled motion and moves this court to grant said for the following facts of record and law - (U.S vs Percy, 765 F.2d 1199 (4th Cir. 1985).

On January 15, 2020, Defendant's sentencing hearing was held before this Court. On or about January 7 or 8, 2020, attorney Melvin L. Hill never contacted or communicated with Defendant about the presentence report's contents or any objections. Defendant filed a pro se motion which was timely filed and the court orally denied it while attorney Hill sat quiet. Defendant was denied effective assistance of counsel at sentencing by attorney Melvin L. Hill, per se, in that he violated Rule 32 of the Federal Rules Criminal Procedures. Attorney Hill failed to contact, write, accept phone calls from Defendant and last visited on or about January 3, 2020. The seven (7) day rule was clearly violated by attorney Hill. His failure to abide by the rule denied Defendant the right and opportunity to properly research, argue, and object to matters he found to be prejudicial. Had counsel not have violated

1.

Rule 32 time requirement. Defendant would have been prepared to present witnesses in his behalf, medical records, and arguments to support downward departures pursuant USSG 5K2.13. As far as a witness, defendant would have had the inmate's statement who Matthew Mullins said was present when Defendant allegedly told them "I made up the story about the ATF agent." (Untrusting of the government's tactics, defendant will not reveal the name of that witness who will clearly tell/testify that Mullins fabricated that story to get substantial assistance.) The same applies with the government's witness James Cleghorne who the prosecutor and agent knew he committed perjury. He said, "he sold Defendant four ounces of meth weekly for five months," that he was with one when I sold Christy Boffenmyer an ounce of ice, that he and his brother Robbie broke into our home over a pill deal, and that my wife took him to buy four ounces of ice from Peggy." Not only did he commit perjury once, he did it intentionally and continuously. Counsel Hill's failure to communicate with Defendant caused this evidence to remain in discovery and not put before this court on January 15, 2020. Further, counsel argued in his closing on September 20, 2019, and, the testimonies truthfully substantiated the fact that the agents/government's conduct, should have led to a 5K2.13 departure by this court, if not an exonerated sentence. Counsel Hill's negligence can't be explained and shouldn't be overlooked by this court. But for his failure to follow the mandate of Rule 32, F.R.C.P, defendant

was denied his right to meet the requirements of the Rule and was not able to properly prepare for his sentencing hearing seven (7) days prior to January 15, 2020. Counsel Hill's performance was prejudicial per se. This court should grant said motion and reschedule a sentencing hearing for defendant and revisit his claims and evidence. This 20th day of January, 2020.

*Roy Dykes*
Roy Lee Dykes

### CERTIFICATE OF SERVICE

I hereby certify that I served a true and exact copy of the foregoing motion to Ms. Suzanne K. Quillen AUSA, 180 West Main Street, B-19, Abingdon, VA 24210; by way of the US Mail. This 20th day of January, 2020.

*Roy Dykes*

SWVRJ, 3B-51
P.O. Box 280
MEADOWVIEW, VA. 24361