# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:18CR00003-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROY LEE DYKES,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Roy Lee Dykes, Pro Se Defendant.*

After a five-day jury trial, the defendant Roy Lee Dykes was convicted on September 20, 2019, of conspiracy to distribute or possession with intent to distribute controlled substances. He was also convicted by the jury of one count of distributing or possessing with intent to distribute various controlled substances, as well as seventeen counts of distributing or possessing with intent to distribute methamphetamine, heroin, cocaine, oxycodone, and alprazolam. On January 15, 2020, he was sentenced by this court to a total term of imprisonment of 325 months. A written judgment incorporating this sentence was entered on January 16, 2020.[1]

---

[1] Dykes' codefendant and spouse, Leila Varretta Hector, was also convicted by the jury of conspiracy to distribute or possess with intent to distribute controlled substances and distributing or possessing with intent to distribute 50 grams or more of methamphetamine. She was sentenced on December 19, 2019, to 121 months imprisonment on each count to run concurrently.

Prior to his sentencing, on January 10, 2020, Dykes filed a pro se motion seeking a new trial based on newly discovered evidence. The court denied the motion orally at the time of Dykes' sentencing, ECF No. 674, but advised that it would later set forth the grounds for the denial. This Opinion and Order constitutes that the grounds for denial of Dykes' motion.[2]

The Fourth Circuit applies a five-part test to determine whether newly discovered evidence warrants a new trial: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993). A motion for a new trial must be denied if the defendant cannot establish all five factors. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

The government's case against Dykes was overwhelming. Dykes confessed his extensive drug trafficking activities to law enforcement agents after his arrest, and the government introduced video and audio of Dykes' sales of drugs to an undercover officer. Controlled substances and large amounts of cash were seized

---

[2] Dykes' attorney filed a timely Motion for a New Trial following the jury's verdict, which was denied. *United States v. Dykes*. No. 2:18CR00003-001, 2019 WL 6729323, at *4 (W.D. Va. Dec. 11, 2019). Dykes had in sequence three different attorneys in this case, two of them privately retained by him and one appointed by the court. (Two other attorneys were appointed but had to withdraw in short order because of conflicts involving other cases.) He complained about all three and continually filed pro se motions and pleadings in spite of being represented.

from him and his codefendant spouse. Dykes testified and claimed that someone he believed was a federal DEA agent in Georgia named Ronnie Baffo had enlisted him to travel to Virginia to sell drugs provided to him by Baffo, although he admitted that he may have been duped by this person. In rebuttal, the government introduced evidence that there was no agent with that name in the DEA and that no arrangement as described by Dykes had ever been approved.

Dykes makes three claims of newly discovered evidence. First, he contends that after his trial he read in a local newspaper about another drug case involving a defendant named Adrian Romero who he suspects set him up in his own case. Secondly, he has submitted a handwritten statement by a person named Terry M. Dalton that on September 2, 2019, Dalton heard another inmate, Tommy Houston, say that while in jail he heard James Cleghorne, a witness against Dykes, say that he, Cleghorne, believed defendant Dykes was "police." Mot., ECF No. 668, p. 8. Finally, Dykes claims, without any specifics, that "we have several cases of people pretending to be agents in Georgia." *Id.* at 5.

None of these claims meets the tests required. The alleged newly discovered evidence is not material, would not be admissible, and would not have resulted in an acquittal. Dykes' motion is without merit.

For these reasons, the defendant's motion, ECF No. 668, is DENIED.

It is so **ORDERED.**

ENTER: March 10, 2020

/s/ JAMES P. JONES
United States District Judge