# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:18CR00003-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROY LEE DYKES,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Roy Lee Dykes, Pro Se Defendant.*

The defendant, Roy Lee Dykes, whose appeal is pending, has filed a pro se Motion for Appeal Bond.  For the reasons that follow, the motion will be denied.

Following his indictment in this court, Dykes was detained by the magistrate judge pending trial, based upon the strength of the government's evidence, as well as his extensive criminal history, including a 1979 conviction for armed robbery, 1986 convictions for three counts of credit card fraud, two separate convictions in separate jurisdictions in 1993 for burglary and a 1993 conviction for willful obstruction of law enforcement officers by use of threats or violence.  He also had a 1991 conviction for failure to appear and two convictions, one in 1986 and another in 2006 for probation violations.  On appeal de novo to the undersigned district judge, the magistrate judge's detention order was affirmed.  The defendant has

remained in custody since then.   He is now confined at the Bureau of Prison facility FCI Gilmer, in Gilmer, West Virginia.

After a five-day jury trial, the defendant and his spouse were convicted on September 20, 2019, of conspiracy to distribute or possession with intent to distribute controlled substances.   Dykes was also convicted by the jury of one count of distributing or possessing with intent to distribute various controlled substances, as well as seventeen counts of distributing or possessing with intent to distribute methamphetamine, heroin, cocaine, oxycodone, and alprazolam.   On January 15, 2020, he was sentenced by this court to a total term of imprisonment of 325 months. A written judgment incorporating this sentence was entered on January 16, 2020.

The government's case against Dykes was overwhelming.   Dykes confessed his extensive drug trafficking activities to law enforcement agents after his arrest, and the government introduced video and audio of Dykes' sales of drugs to an undercover officer.   Controlled substances and large amounts of cash were seized from him and his codefendant spouse.   Dykes testified at trial (after being advised by the court of his right not to do so), admitted his drug trafficking, but claimed that someone he believed was a federal DEA agent in Georgia named Ronnie Baffo had enlisted him to make trips to Virginia to sell drugs provided to him by Baffo, although he conceded that he may have been duped by this person.[1]   In rebuttal, the

---

[1]   He had not disclosed this information in his confession after his arrest, although

government showed that there was no agent with that name in the DEA and that no arrangement as described by Dykes had ever been approved.

Dykes is now 62 years old.   He was a college athlete at the University of Georgia but lost his scholarship when he was arrested for robbery.   According to his Presentence Investigation Report (PSR), dated December 16, 2019, ECF No. 638, he said he was in "fair health," although suffering from high blood pressure, sciatic nerve issues and left knee problems.   He took prescription medication for his hypertension and his arthritis   He reported undergoing surgery for prostate cancer in 2016.

The Federal Rules of Criminal Procedure provide that a sentence of imprisonment must be stayed if an appeal is taken and the defendant is released pending disposition of the appeal.   **Fed. R. Crim. P. 38(b)(1)**.   The Federal Rules of Appellate Procedure provide that the decision regarding release must be made in accord with the applicable provisions of the Bail Reform Act.   **Fed. R. App. P. 9(c)**. That Act provides, in pertinent part, that the court:

> [S]hall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer find--

---

prior to trial his retained counsel had filed a "Notice of a Public Authority Defense," ECF No. 263, in which it was alleged that Dykes had been acting under the authority of either the ATF or the DEA and the agent's name was "'Ronnie', last name unknown to the defendant."   *Id.*

3

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

I am unable to make the requisite findings contained in any of these subsections. Dykes is serving a lengthy sentence after multiple convictions based on overwhelming evidence of guilt. Based upon his history and current circumstances, I find that there are no conditions of release that would ensure the safety of the community or his future appearance in court. There are no substantial questions of law or fact apparent in his appeal.

Dykes references the current Covid-19 pandemic. However, the Bureau of Prisons reporting show no current cases among inmates or staff at Gilmer FCI, where Dykes is incarcerated, https://www.bop.gov/coronavirus/ (lasted visited June 24, 2020). While uncontrolled high blood pressure may be a risk factor, Ernesto L. Schiffrin et al., *Hypertension and COVID*-19, Am. Journal of Hypertension, vol. 33,

issue 5, p. 373–74 (Apr. 6, 2020), no extraordinary circumstances exist here that would justify staying the defendant's sentence.

For these reasons, the defendant's motion, ECF No. 775, is DENIED.

It is so **ORDERED.**

ENTER: June 25, 2020

/s/ JAMES P. JONES
United States District Judge