IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 2:18CR00003-001 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ROY LEE DYKES,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Whitney D. Pierce, Assistant United States Attorney, Abingdon, Virginia, for United States; Roy Lee Dykes, Pro Se Defendant.*

The defendant, a federal inmate, has filed a pro se motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). He contends that the risk posed to him by the COVID-19 pandemic and his need to care for his spouse's medical condition constitute extraordinary and compelling reasons for a sentence reduction. For the reasons that follow, I will deny the motion.

I.

On September 20, 2019, a jury in this court convicted the defendant, Roy Lee Dykes, of drug-related offenses. His spouse, Leila Varetta Hector, was also convicted at that trial. On January 16, 2020, the court sentenced Dykes to a term of 325 months imprisonment, to be followed by four years of supervised release. On appeal, his convictions and sentence were affirmed. *United States v. Hector,* Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493 (Feb. 9, 2022), *reh'g denied*

(4th Cir. Apr. 12, 2022).  Dykes is 64 years old and is currently incarcerated at FCI Gilmer.  His projected release date is May 10, 2041.

On January 7, 2022, Dykes filed the present pro se motion seeking compassionate release, his fifth such motion.  On January 31, 2022, Dykes filed a supplemental motion for compassionate release, providing additional medical documents and raising the same or substantially similar arguments as his initial motion.  On February 18, 2022, the United States filed a response in opposition to Dykes' motions.  While the district's Federal Public Defender was appointed to represent Dykes, that office advised the court on February 25, 2022, that it did not intend to make any filings on Dykes' behalf.  On March 10, 2022, Dykes filed a pro se reply to the government's response, reiterating his arguments. He has since filed three subsequent motions seeking an expedited ruling and providing additional arguments.  The matter is now ripe for a decision.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018.  The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271,

284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason shown by the defendant.

Dykes claims that after contracting COVID-19 in January 2021, his health has deteriorated significantly. Specifically, his medical records indicate that he suffers from hypertension, edema, back pain, obesity, prediabetes, heart failure, and various other conditions. He further claims that he suffers from "long covid," which has been recognized as a disability.[1] He maintains that if he contracts the virus again, he is at high risk of serious disease or death.

The government concedes that some of Dykes' health conditions have been recognized by the Centers for Disease Control (CDC) as placing him at higher risk of severe illness, namely hypertension and high blood pressure. Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (updated May 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 5, 2022). However, Dykes has refused to be vaccinated against COVID-19. The vaccine would substantially reduce the risks that Dykes faces while incarcerated, even though he already contracted the

---

[1] Centers for Disease Control and Prevention, *Post-COVID Conditions* (updated May 5, 2022), https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects/index.html (last visited May 5, 2022); U.S. Department of Justice, *DOJ and HHS Issue Guidance on 'Long Covid' and Disability Rights Under the ADA, Section 504, and Section 1557* (updated July 26, 2021), https://www.justice.gov/opa/pr/doj-and-hhs-issue-guidance-long-covid-and-disability-rights-under-ada-section-504-and-section (last visited May 5, 2022).

virus. Centers for Disease Control and Prevention, *Getting a COVID-19 Vaccine* (updated May 4, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/expect.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fvaccines%2Fprepare-for-vaccination.html (last visited May 5, 2022). According to the CDC, "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know* (updated Mar. 29, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited May 5, 2022). An inmate's refusal to be vaccinated against COVID-19 "weighs against a finding of extraordinary and compelling circumstances." *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. Apr. 5, 2021).

In addition, Dykes seeks release to care for his spouse and her medical conditions. He maintains that he is the only available caregiver. The incapacitation of a spouse where the defendant is the only available caregiver may constitute an extraordinary and compelling reason warranting relief. *United States v. Locklear*, 7:17CR00060-D-1, 2021 WL 5098691, at *3–4 (E.D.N.C. Nov. 2, 2021). Medical documents of record that show his wife is undergoing treatment for several serious and chronic conditions. However, his spouse was sentenced to 121 months imprisonment for involvement in Dykes' drug dealing and in light of the fact that

her direct appeal has also been unsuccessful, this court has denied her motions to remain on bond and she will be required to enter prison, thus obviating any need for her husband's release to care for her.

Even assuming that Dykes had shown a sufficient case for relief under § 3582(c)(1)(A), the consideration of the sentencing factors under 18 U.S.C. § 3553(a), and in particular to reflect the seriousness of his crimes, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, *id.* at 3553(a)(2)(A), (B), (C), point to a denial of any change in his sentence.

Dykes has an extensive criminal history, including a 1979 conviction for armed robbery, 1986 convictions for three counts of credit card fraud, two separate convictions in separate jurisdictions in 1993 for burglary and a 1993 conviction for willful obstruction of law enforcement officers by use of threats or violence. He also had a 1991 conviction for failure to appear and two convictions, one in 1986 and another in 2006 for probation violations. After a five-day jury trial in this case, the defendant and his spouse were convicted of conspiracy to distribute or possession with intent to distribute controlled substances. Dykes was also convicted by the jury of one count of distributing or possessing with intent to distribute various controlled substances, as well as seventeen counts of distributing or possessing with intent to distribute methamphetamine, heroin, cocaine, oxycodone, and alprazolam. The

government's case against Dykes was overwhelming. Dykes confessed his extensive drug trafficking activities to law enforcement agents after his arrest, and the government introduced video and audio recordings of Dykes' sales of drugs to an undercover officer. Controlled substances and large amounts of cash were seized from him and his spouse. Dykes testified at trial (after being advised by the court of his right not to do so), admitted his drug trafficking, but claimed that someone he had believed was a federal DEA agent named Ronnie Baffo had enlisted him to make trips from Georgia to Virginia to sell drugs provided to him by Baffo, although he conceded that he may have been duped by this person. In rebuttal, the government showed that there was no agent with that name in the DEA and that no arrangement as described by Dykes had ever been approved.[2]

### III.

For the reasons stated, it is **ORDERED** that the defendant's motions, ECF Nos. 884, 886, 906, 907, 910, and 915 are DENIED.

ENTER: May 6, 2022

/s/ JAMES P. JONES
Senior United States District Judge

---

[2] In sentencing Dykes, I found by a preponderance of the evidence that he had committed perjury during his trial testimony and approved an obstruction of justice enhancement to his sentencing guidelines. Sent. Tr. 32–33, ECF No. 751.