# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:18CR00003-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROY LEE DYKES,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Roy Lee Dykes, Pro Se Defendant.*

The defendant, a federal inmate sentenced by this court, has filed pro se motions pursuant to Federal Rule of Criminal Procedure 33(b)(1) seeking a new trial based on alleged newly discovered evidence of prosecutorial misconduct. For the reasons that follow, I will deny the motions.

### I.

On September 20, 2019, after a five-day trial, a jury convicted the defendant, Roy Lee Dykes, of drug-related offenses. On January 16, 2020, the court sentenced Dykes to a term of 325 months' imprisonment, to be followed by four years of supervised release. On appeal, his convictions and sentence were affirmed. He has filed numerous pro se post-conviction motions, including a previous pro se motion seeking a new trial based on newly discovered evidence. *United States v. Dykes,* No. 2:18CR00003, 2020 WL 1154764 (W.D. Va. Mar. 10, 2020), *aff'd, United States v. Hector,* Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493, at *5

(4th Cir. Feb. 9, 2022) (unpublished), *cert. denied,* No. 21-8216, 2022 WL 4653938, (U.S. Oct. 3, 2022).[1]

II.

The defendant and his spouse, Leila Varetta Hector, were convicted in this case of conspiracy to distribute or possession with intent to distribute controlled substances. Dykes was also convicted by the jury of one count of distributing or possessing with intent to distribute various controlled substances, as well as seventeen counts of distributing or possessing with intent to distribute methamphetamine, heroin, cocaine, oxycodone, and alprazolam. The government's case against Dykes was overwhelming. Dykes confessed his extensive drug trafficking activities to law enforcement agents after his arrest, and the government introduced video and audio recordings of Dykes' sales of drugs to an undercover officer. Controlled substances and large amounts of cash were seized from him and his spouse. Dykes testified at trial (after being advised by the court of his right not to do so), admitted his drug trafficking, but claimed that someone he had believed

---

[1] In his prior pro se motion based on newly discovered evidence, Dykes claimed first that after his trial he had read in a local newspaper about another drug case involving a defendant named Adrian Romero who he suspects set him up in his own case. Secondly, he submitted a handwritten statement by a person named Terry M. Dalton that on September 2, 2019, Dalton heard another inmate, Tommy Houston, say that while in jail he heard James Cleghorne, a witness against Dykes, say that he, Cleghorne, believed defendant Dykes was "police." Mot. 8, ECF No. 668. Finally, Dykes claimed, without any specifics, that "we have several cases of people pretending to be agents in Georgia." *Id.* at 5.

was a federal DEA agent named Ronnie Baffo had enlisted him to make trips from Georgia to Virginia to sell drugs provided to him by Baffo, although he conceded that he may have been duped by this person.   He admitted that he had never mentioned this circumstance to the arresting agents during their lengthy post arrest interrogation and had never reached out to the DEA to advise them that he had been arrested.   In rebuttal, the government showed that there was no agent with that name in the DEA and that no arrangement as described by Dykes had ever been approved. In sentencing Dykes, I found by a preponderance of the evidence that he had committed perjury during his trial testimony and approved an obstruction of justice enhancement to his sentencing guidelines.   Sent. Tr. 32–33, ECF No. 751.

In his first pro se motion, signed and dated by him on September 8, 2022, ECF No. 965, Dykes contends that in its investigation in this case, the government seized a certain cell phone and that this phone had contained photographs of the alleged DEA agent Baffo, along with multiple text messages between Baffo and Dykes. Dykes asserts that the government never disclosed the contents of this cell phone during the prosecution, in violation of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963).   He also contends that in one of her filings in his case, the government attorney correctly spelled the alleged agent's name as "Boffo," rather

than "Baffo," thus indicating that the government's attorney "had to have seen the name in the phone." Mot. 3, ECF No. 965.[2]

In the second motion, signed and dated September 17, 2022, ECF No. 970, Dykes contends that the government never disclosed to him the name of the person who supplied drugs to a person named Veronica Martinez, who in turn sold the drugs to Dykes. He surmises that such a person may have been a government agent or "someone under the employ of the government." Mot. 4, ECF No. 970.

Finally, Dykes has filed a separate pro se motion, ECF No. 972, seeking leave to conduct discovery from the government concerning the person who supplied drugs to Veronica Martinez.

III.

The Fourth Circuit applies a five-part test to determine whether newly discovered evidence warrants a new trial: (1) the evidence is newly discovered; (2) the defendant used due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence would probably result in an acquittal at a new trial. *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir.

---

[2]   The name is referred in the trial transcript as "B-a-f-f-o." Tr. 213, ECF No. 717. Dykes admitted on cross examination that when he had first notified the government about the alleged agent he said that he didn't know his last name. *Id.* at 185. That admission was supported by the fact that Dykes' first retained attorney filed a Notice of Public Authority Defense on November 9, 2018, asserting that Dykes was acting on behalf of an agent named Ronnie, "last name unknown to the defendant." Notice, ECF No. 263.

1993).  A motion for a new trial must be denied if the defendant cannot establish all five factors.  *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989).

Considering these factors, it is clear that the motions must be denied.

The government obtained information by a pen register warrant of a phone number associated with Dykes, and the information obtained by the government was introduced at trial, showing phone and text message contacts between Dykes and his drug customers.   The "flip" cell phone that Dykes is referring to was observed by ATF agent Melvin Taylor in Dykes' truck parked outside his residence in Georgia when law enforcement executed a search warrant there on the same day that Dykes was arrested in Virginia.  Tr. 160, ECF No. 719.  That phone was not seized by the government.  *Id.* at 156.  Moreover, in his testimony at trial, Dykes responded to the prosecutor's question as to why Agent Ronnie's phone number was not captured by the pen register, by stating that he had another phone, namely the flip phone observed in his truck.  Tr. 180–81, ECF No. 717.  There is thus nothing "new" about any claimed evidence that might be found in that phone and no showing that the government failed to provide Dykes with any exculpatory evidence.

As to Dykes second motion, it does not sufficiently show any basis for granting relief.  It is entirely speculative.

Because I will deny the Rule 33 motions, I will also deny the defendant's motion seeking discovery from the government.

IV.

For the reasons stated, it is **ORDERED** that the defendant's motions, ECF Nos. 965, 970, and 972, are DENIED.

ENTER:   October 20, 2022

/s/  JAMES P. JONES
Senior United States District Judge