## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:18CR00003-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **ROY LEE DYKES,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Roy Lee Dykes, Pro Se.*

Roy Lee Dykes has filed his sixth pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]  For the following reasons, the defendant's motion will be denied.[2]

### I.

The defendant's sentence was determined in light of his leadership role in a large drug distribution conspiracy that spanned several states and involved different controlled substances.  He was convicted by a jury on Counts One through Eighteen, all of which involved the distribution of or conspiracy to distribute controlled

---

[1]  His prior motions were denied.  *See United States v. Dykes*, No. 2:18CR00003-001, 2022 WL 1564185 (W.D. Va. May 6, 2022) (denying fifth motion), *aff'd*, No. 22-6631, 2022 WL 4129695 (4th Cir. Sept. 12, 2022) (unpublished).

[2]  Dykes filed a pro se motion on June 9, 2023, ECF No. 1038, and later on August 3, 2023, filed a supplemental motion, ECF No. 1044.  I will refer to both as "the motion."

substances and sentenced to a term of 325 months of incarceration.  Judgment was entered against the defendant on January 16, 2020.

In his present motion seeking a reduction in sentence, the defendant asks the court to reduce his sentence to time served or to grant him a probationary sentence. He contends that the Bureau of Prisons (BOP) has failed to provide him with adequate health care over extended periods of time and that the 3553(a) factors weigh in his favor.  The defendant is a 65-year-old male who allegedly suffers from hypertension, sciatica, cancer, bone diseases, heart failure, kidney cysts, liver lesions, colorectal bleeding, and gout.  He alleges that he has received inadequate medical care in the BOP for these aliments.

## II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.  Even if the court finds an extraordinary and compelling reason, the

court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).  Those factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The defendant's list of alleged medical conditions would be sufficient to conclude that his circumstances are both extraordinary and compelling if the defendant were credible.   However, his testimony at trial certainly calls this credibility into question.[3]

---

[3]   Dykes has filed copies of some medical records from prison that include his medical complaints, but little if any confirmation of those complaints.  As I noted in a prior opinion denying a motion for compassionate release, in sentencing Dykes I found that he had committed perjury during his trial testimony and approved an obstruction of justice enhancement to his sentencing guidelines.  *United States v. Dykes*, 2022 WL 1564185, at 2 n.2.

Nevertheless, even taking his medical allegations as true, the defendant has demonstrated that he is a risk to public safety and has little regard for the law.  As the leader in a drug conspiracy, he has shown his capability to coordinate large drug distribution operations that put the public at risk.  The public would not be protected from future crimes by the defendant were he to be released.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

### III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF Nos. 1038 and 1044, is DENIED.

ENTER:   December 27, 2023

/s/  JAMES P. JONES
Senior United States District Judge