# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 2:18CR00003-001 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| **ROY LEE DYKES,** | ) JUDGE JAMES P. JONES |
| | ) |
| Defendant. | ) |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Roy Lee Dykes, Pro Se.*

The defendant has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss the defendant's motion as untimely, to which the movant has responded. For the reasons stated, I will dismiss the § 2255 motion.

I.

After conviction by a jury of 18 counts of illegal drug distribution, the defendant was sentenced by this court on January 15, 2020, to a total term of 325 months' imprisonment. His direct appeal was unsuccessful, *sub nom. United States v. Hector*, Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493 (4th Cir. Feb. 9, 2022) (unpublished), and the Supreme Court denied certiorari on October 3, 2022, *Dykes v. United States*, 143 S. Ct. 189, (2022). The one-year statutory limitations period for § 2255 motions begins to run when the judgment of conviction

becomes final. 28 U.S.C. § 2255(f)(1). The denial of certiorari on direct appeal marks the finality of the judgment of conviction. *United States v. Segers*, 271 F.3d 181, 184 (4th Cir. 2001).

The defendant signed and delivered his § 2255 motion to the prison mailing system addressed to the court on October 13, 2023. Mot. 13, ECF No. 1064.[1] Because the defendant filed his motion more than one year after the statutory deadline, the government asserts that his motion is untimely and should be dismissed accordingly. The defendant argues that the court should find that the statute of limitations was equitably tolled.[2]

## II.

To state a viable claim for relief under § 2255, a defendant must file a motion in conformance with the statute of limitations, which permits filing within one year after the denial of certiorari. *Clay v. United States*, 537 U.S. 522, 527 (2003) (the court finds that the limitations period has been equitably tolled.

Equitable tolling is appropriate in the "rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result."

---

[1] Rule 3, R. Gov. § 2255 Proceedings (discussing prison mailbox rule for § 2255 motions).

[2] Briefing regarding the merits has been stayed pending resolution of whether the § 2255 motion was timely filed. Order, ECF No. 1071 (Nov. 3, 2023).

*Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014).[3]  Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).   Prison custodial lockdowns and facility transfers generally do not qualify as extraordinary circumstances.  *Allen v. Johnson*, 602 F. Supp. 2d 724, 729 (E.D. Va. 2009); Warren *v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002).

### III.

The defendant's motion was untimely and does not qualify for a finding of equitable tolling.  Although he claims that he was transferred to a different prison and experienced a library lockdown, and thus encountered interference with preparing his motion, such events do not constitute extraordinary circumstances that warrant equitable tolling.

Even if such events supported that conclusion, it would not explain how the defendant had time to prepare a timely § 2255 motion for his wife and co-defendant, Leila Varetta Hector.  On September 28, 2023, Dykes signed and mailed to this court a 40-page § 2255 motion with exhibits that Dykes had prepared for Hector.  Leila Varetta Hector Mot. 40, ECF No. 1061.  If the defendant had adequate time to prepare his wife's motion, then the defendant also had adequate time to prepare his

---

[3] I have omitted internal quotation marks, citations, or alterations here and throughout this opinion, unless otherwise noted.

own.  If he chose to spend his time on his wife's motion rather than his own, that was his decision and cannot be blamed on others.

The defendant was aware of the due date of his § 2255 motion.  He mistakenly asserts that the court informed him that if he were to assert cognizable grounds for relief under § 2255, that the deadline to file would be extended.  This is an inaccurate characterization of the order I issued on September 18, 2023, and is unavailing to the defendant. Order, ECF No. 1056, *aff'd,* No. 23-6974, 2023 WL 9014567 (4th Cir. Dec. 29, 2023) (unpublished).  Accordingly, equitable tolling is not appropriate for this case and the motion must be dismissed.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 1069, is GRANTED.  A separate final order will be entered herewith.

ENTER:  April 26, 2024

/s/  JAMES P. JONES
Senior United States District Judge