Case 2:18-cr-00003-JPJ-PMS   Document 1167   Filed 02/28/25   Page 1 of 3
                                  Pageid#: 9236

CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
February 28, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:18CR00003-001 |
| v. | ) **OPINION AND ORDER** |
| ROY LEE DYKES, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Roy Lee Dykes, Pro Se.*

Roy Lee Dykes, previously sentenced by this court for violations of the Substance Abuse Act, has filed his sixth pro se motion[1] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the defendant's motion will be denied.

I.

In his present motion seeking a reduction in sentence, the defendant asks the court to reduce his sentence to time served or to grant him a probationary sentence so that he can care for his disabled brother. The brother is allegedly confined to a wheelchair after having strokes and Dyke contends that he is the only available

---

[1] *See, e.g., United States v. Dykes*, No. 2:18CR00003-001, 2022 WL 1564185 (W.D. Va. May 6, 2022) (denying Dykes' sixth such motion), *aff'd*, No. 22-6631, 2022 WL 4129695 (4th Cir. Sept. 12, 2022) (unpublished).

caretaker, the brother's existing caregiver, a 75-year-old sister, being no longer able to lift him.

Dykes was sentenced to 325 months' incarceration on January 16, 2020. He is confined at FCI Memphis and his projected release date is May 10, 2041.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

Even taking Dykes' allegations as true,[2] the defendant has demonstrated that he is a risk to public safety and has little regard for the law. As the leader in a drug conspiracy, he has shown his capability to coordinate large drug distribution operations that put the public at risk. The public would not be protected from future crimes by the defendant were he to be released.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

---

[2] I found Dykes' credibility suspect at trial and adjusted his sentencing guideline range upward for committing perjury during his testimony.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 1131, is DENIED.

ENTER: February 28, 2025

/s/  JAMES P. JONES
Senior United States District Judge