Case 2:18-cr-00003-JPJ-PMS   Document 1194   Filed 02/10/26   Page 1 of 4
Pageid#: 9404

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
February 10, 2026
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:18CR00003-001 |
| v. | ) OPINION AND ORDER |
| ROY LEE DYKES, | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Roy Lee Dykes, Pro Se.*

The defendant has filed a "Motion for Relief from Judgment Pursuant to FRCP 60(b)(6)." Dkt. No. 1193. He seeks relief from an order dismissing his prior motion under 28 U.S.C. § 2255 because it was barred by the statute of limitations. I will deny the Rule 60(b)(6) motion.

I.

Dykes was convicted by a jury of multiple offenses under the Controlled Substances Act and sentence by judgment entered January 16, 2020, to a term of 325 months' imprisonment, to be followed by four years of supervised release.

His direct appeal was unsuccessful, *sub nom. United States v. Hector*, Nos. 19-4957, 20-4052, 20-6414, 20-6467, 2022 WL 402493 (4th Cir. Feb. 9, 2022) (unpublished), and the Supreme Court denied certiorari on October 3, 2022, *Dykes v. United States*, 143 S. Ct. 189 (2022). On October 13, 2023, Dykes signed and

placed a § 2255 motion in his prison's mailing system.[1] In the motion, he recognized that his motion was untimely in that it had not been filed within one year of the Supreme Court's denial of certiorari,[2] but contended that "equitable tolling has been met in my case." 2255 Mot. 13, Dkt. No. 1064  The stated basis for that claim was as follows:

> On 7/18/23, the BOP per policy packed all my personal effects including my legal material after they selected to transfer me to a Low Security facility in Memphis, Tennessee. I did not request a transfer. On 7/20/23, I arrived at Memphis FCI and discovered that it was on a total administrative lockdown with no movement. The law library was closed and did not reopen until 8/28/23. On 9/6/23, the BOP returned my property which included the legal documents for my case and my transcripts. . . . I lost 48 days of the 365 days because of government (BOP) interference.

*Id*. at 13, 14.

In response, the government asserted that the motion was untimely and that equitable tolling did not apply. Mot. Dismiss 1, Dkt. No. 1069. I agreed and dismissed the § 2255 motion on that ground, holding that equitable tolling was not justified by the facts alleged. *United States v. Dykes*, No. 2:18CR00003-001, 2024 WL 1839468, at *1 (W.D. Va. Apr. 26, 2024).

---

[1] See Rule 3, R. Gov. § 2255 Proceedings (discussing prison mailbox rule).

[2] A defendant must file a § 2255 motion in conformance with the statute of limitations, 28 U.S.C. 2255(f), which permits filing within one year after the denial of certiorari on a direct appeal from conviction. *Clay v. United States*, 537 U.S. 522, 527 (2003).

II.

Rule 60(b) authorizes relief from a judgment based on mistake, inadvertence, surprise, excusable neglect, or, as claimed here, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Such relief is an extraordinary remedy and should be invoked only when "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.,* 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). "Such circumstances will rarely occur in the habeas context." *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005).

A Rule 60(b) motion that seeks to revisit the dismissal of a § 2255 action should be dismissed as a successive habeas petition to prevent the use of such a motion to circumvent the rule against successive § 2255 motions. *Id.* at 531–32. But "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is not a successive habeas. *Id.* at 532.

Even assuming that Dykes' motion is not a successive § 2255 action, but a legitimate Rule 60(b) motion, it is without merit. There is no defect in the integrity of the former § 2255 proceeding alleged that would justify relief.

III.

For these reasons, it is **ORDERED** that the motion, ECF No. 1193, is DENIED.

ENTER: February 10, 2026.

/s/  JAMES P. JONES
Senior United States District Judge